Welch, J.
In this action, James E. and Catherine H. Butler (“the Butlers”) seek rescission of a Purchase and Sale Agreement and restitution of the purchase price of a parcel of unimproved land they purchased from defendant Oak Heights Corporation (“Oak Heights”). The matter is before the court on the motion for summary judgment of the plaintiffs, who submit that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The Butlers argue that (1) Oak Heights warranted that the lot would not be in violation of existing building laws and breached that warranty when the plaintiffs’ later attempt to obtain a building permit was conditioned upon the removal of various stumps and boulders from the site; and (2) both parties mistakenly considered the lot “buildable” at the time of sale and, thus, the doctrine of mutual mistake voids the contract.
For the reasons set forth below, the motion is DENIED.
BACKGROUND
In October 1993, the Butlers executed a Purchase and Sale Agreement with Oak Heights for an unimproved parcel of land known as Lot 26, Oak Hill Estates, in Beverly (“the lot” or “the property”). Paragraph 3 of the Purchase and Sale Agreement, which carries the caption “Title Deed,” provides in relevant part that the “deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except (a) Provisions of existing building and zoning laws but not in violation thereof.” The Butlers intended to build a house on the lot, for which they paid $75,000. The Butlers took title to the property on December 21, 1993.
Subsequently, in the course of excavating, the Butlers discovered that the lot contained “a substantial amount of extraneous fill material in the form of tree stumps, large boulders and other debris.” (Butler Affidavit at ¶8; Pustizzi Affidavit at ¶3.) After inspecting the lot on June 26, 1994, the Commissioner of Buildings and Zoning Code Officer of the City of Beverly informed the Butlers that he would not issue a building permit until the lot had been “cleared of extraneous fill and debris, where the structure is to be located” (Butler Affidavit, Exhibit 2).
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a *343 triable issue and also that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The plaintiffs/movants argue that Paragraph 3 of the Purchase and Sale Agreement constituted a warranty by Oak Heights that the lot was not in violation of existing building laws. The language in question, albeit the standard language found in thousands of Massachusetts purchase and sale agreements, is stilted, confusing, and (perhaps) unnecessary. That paragraph, in part, guarantees that the buyer will receive a clear and marketable title to the property with the exception of any restrictions imposed on the property by existing building or zoning laws. This language is included (apparently in an abundance of caution) even though Massachusetts law long has considered building or zoning laws not to be title defects. The issue in this case is whether the last phrase of this sentence (i.e., “but not in violation thereof’) is equivalent to a warranty from the seller to the buyer that the unimproved land being sold complies with all existing building laws and, thus, is in a buildable condition at the time of the sale. This phrase is the only representation relied upon by the plaintiffs under their warranty theory.
There is no dispute that the lot of land sold by the seller to the buyer was not in a condition to be immediately built upon. In order to comply with the local building code, debris, rock, and stumps had to be removed before a foundation could be poured or a building permit issued. This court, however, is unwilling to interpret the single murky phrase “existing building . . . laws but not in violation thereof’ as being a guarantee of immediate ability to build on a unimproved land and, thereby, transforming the law of real estate in Massachusetts. As plaintiffs’ counsel conceded at oral argument, such an interpretation would work a revolution in Massachusetts land transactions. For example, anyone who later discovers that purchased land will not pass a percolation test, or contains ledge or bedrock, or constitutes a wetland, would be able to rescind the transaction or sue for damages. If a purchaser intends to obtain this type of warranty, it should be in clear, firm language and not the type of questionable boilerplate relied upon in this case.[2]
Finally, the Purchase and Sale Agreement contained a standard paragraph (number 11) stating that the buyers’ acceptance of the deed at closing shall constitute full performance of all the obligations contained in the agreement. Any additional warranties or obligations must be specified in the deed itself or specified as being performed after the delivery of the deed. Solomon v. Birger, 19 Mass. App. 634, 641 (1985) (similar building laws clause held not to be a warranty permitting rescission). As the Appeals Court has stated in a very similar context, such a provision allows a prospective purchaser to “investigate what kind of pig is in the poke” and to opt out of the agreement if a building or zoning law violation is discovered and not cured before closing. Id. The plaintiffs did not opt out but instead decided to close on this real estate. They cannot now claim a warranty.
As to the mutual mistake claim, summary judgment cannot be granted because disputed issues of material fact exist as to what the parties intended or thought about the condition of the lot at the time of the sale. For example, it is an issue of fact as to what the defendant considered a “buildable” lot and whether this lot complied with that definition.
ORDER
For the reasons stated above, the plaintiffs’ motion for summary judgment is DENIED.

In this context, it is important to note that the buyer did negotiate an additional provision to the Purchase and Sale Agreement that would have served the same purpose as the alleged warranty. In paragraph 27, the plaintiffs made the Agreement “contingent upon [the buyers’] obtaining all necessary permits for a single family dwelling.” The plaintiffs, however, failed to exercise that contingency in a timely fashion. Such a contingency, of course, would be superfluous if the Agreement already contained a warranty that guaranteed the immediate compliance with all building or zoning laws/codes.